IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| COLETTE M. LUCKIE, | ) |
| Plaintiff, | ) **01C 8619** |
| v. | ) No. |
| AMERITECH CORPORATION, | ) Plaintiff Demands Jury Trial |
| Defendant. | ) JUDGE MANNING |

**COMPLAINT**   MAGISTRATE JUDGE KEYS

Plaintiff **COLETTE M. LUCKIE**, by and through her attorneys, **BARCLAY & DIXON, P.C.**, hereby complains against Defendant AMERITECH CORPORATION, alleging as follows:

### A. JURISDICTION, PARTIES AND VENUE

1. Plaintiff Colette M. Luckie is an African-American female who resided in the City of Chicago, State of Illinois, County of Cook, at all times relevant hereto. Her current official residential address is in the State of Florida.

2. Ameritech Corporation ("Ameritech") transacted business in the City of Chicago, State of Illinois, and County of Cook at all times pertinent hereto.

3. This Court has jurisdiction of this matter under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq., and 28 U.S.C. §§1331 and 1343.

4. This venue is the appropriate judicial district pursuant to 28 U.S.C. §1391, as the acts giving rise to the causes of action occurred within this district.

5. Ameritech is an employer as defined by the pertinent federal antidiscrimination statute.

6. Luckie has exhausted her administrative remedies after timely filing a discrimination charge alleging racial harassment and retaliation with the local administrative agency in or about March, 2000.

7. Luckie timely files this action upon receipt of a Notice of Right to Sue from the Equal Employment Opportunity Commission ("EEOC") dated August 10, 2001.

### B. BACKGROUND ALLEGATIONS

8. Luckie, an African-American female, began her employment with Ameritech in or about September, 1995.

9. In or about May, 1999, Luckie held a senior manager position with Ameritech as Senior Manager-Organizational Development and Performance, resulting from a promotion in or about 1997.

10. In said position, Luckie supervised a team of approximately twelve (12) individuals, including approximately four (4) minorities.

11. In or about May, 1999, a Gwen Patterson, a white female who held a vice-president level position, became Luckie's immediate supervisor.

12. Based upon information and belief, Patterson had been transferred to Luckie's business unit following allegations that Patterson had engaged in unlawful racial discrimination, including, but not limited to, demoting and harassing minorities without justification and due to their race.

13. Shortly after becoming Luckie's supervisor, Patterson tried to coerce and force Luckie to create performance problems for the minority employees only under Luckie's supervision.

2

14. Indeed, Patterson made a statement on one occasion to the effect that she "wanted to change the complexion of the team" during a meeting with Luckie when Luckie questioned Patterson's actions.

15. Said minorities did not have any performance issues.

16. After Ameritech knowingly transferred Patterson to Luckie's unit, Patterson began demoting Luckie's colleagues who were minorities. The minorities were replaced by employees outside of the protected class and possessing lesser qualifications, i.e., performance problems.

17. In or about May, 1999 and at all times relevant hereto, Luckie performed her job satisfactorily, receiving rankings of "Above Expectations" and "Outstanding."

## COUNT I
## RACIAL HARASSMENT

18. Luckie realleges and incorporates Paragraphs 1-17 as if they were fully set forth herein.

19. Patterson, who at all times was Ameritech's employee and agent, attempted to coerce and unduly force Luckie to create unsubstantiated performance issues for minority employees under her supervision, which could result in their termination.

20. Other similarly situated employees not in the protected class were treated differently than Luckie.

21. Patterson engaged in such conduct because of Luckie's race.

22. Luckie feared for her own job, because she was African-American and disagreed with what Patterson attempted to do to said minorities.

23. Patterson repeatedly demanded that Luckie engage in conduct described in Paragraph 13 herein.

3

24. On or about October 4, 1999, Luckie was discharged from her employment.

25. As a direct result of Ameritech's actions, Luckie suffered severe damages, including emotional distress, lost compensation, lost bonuses and other benefits, lost stock options and/or gifts, legal expenses, lost job opportunities, and monies that she would have been entitled to pursuant to a buyout that occurred shortly after her discharge.

26. Ameritech's reason for her discharge, poor work performance, was pretextual for unlawful discrimination due to her race, African-American, and done intentionally and with reckless indifference for Luckie's civil rights.

**WHEREFORE**, Plaintiff COLETTE M. LUCKIE respectfully requests that this Court grant her a trial by jury and the following relief:

(1) Enter an Order finding that defendant unlawfully engaged in racial harassment of plaintiff due to her race, African-American;

(2) Enter a preliminary and permanent injunction prohibiting defendant from engaging in unlawful racial harassment;

(3) Enter an Order requiring defendant to reinstate Luckie's employment to a position commensurate to that which she had before her unlawful discharge, without lost seniority and benefits;

(4) Enter judgment in Luckie's favor and against defendant for compensatory damages in a sum no less than Two Hundred and Fifty Thousand Dollars ($250,000);

(5) Enter judgment in Luckie's favor and against defendant for punitive damages in a sum no less than Fifty Thousand Dollars ($50,000) for defendant's intentional, willful and wanton acts against Luckie, and reckless disregard for her civil rights based upon her race and in retaliation for opposing unlawful race discrimination;

(6) Enter judgment for Luckie and against defendant for reasonable attorneys' fees and costs incurred in bringing this action opposing unlawful racial harassment and retaliation; and

(7) Such further relief that this Court deems just and proper.

4

## COUNT II
## RETALIATION

27. Luckie realleges and incorporates Paragraphs 1-26 of Count I as if they were fully set forth herein.

28. On or about August 4, 1999, Luckie complained to Ameritech's internal EEO office regarding Patterson's behavior described herein.

29. On or about August 27, 1999, Patterson placed or otherwise caused Luckie to be placed on a performance improvement plan ("PIP").

30. Luckie was not on a PIP prior to that time.

31. Luckie states that she was placed on the PIP, because she opposed unlawful discrimination due to her race, African-American.

32. On October 4, 1999, Ameritech terminated Luckie's employment, allegedly due to poor work performance.

33. Ameritech failed to investigate Luckie's EEO complaint.

34. Indeed, Luckie received no response to her EEO complaint.

35. Luckie believes that Ameritech terminated her, because she opposed unlawful discrimination due to her race, African-American.

36. Prior to her discharge, Ameritech knew that it would and planned to offer certain employees, including but not limited to Luckie, a compensation package as a result of a business merger/acquisiton, commonly referred to as a buyout.

37. Luckie estimates that her buyout package amount would have been approximately Sixty Thousand Dollars ($60,000).

38. Based upon information and belief, Ameritech offered buyout packages to certain employees within three (3) days of her termination.

5

39. As a direct result of Ameritech's intentional actions, Luckie suffered severe damages, including lost pay, lost bonuses and other benefits, lost stock options and/or gifts, emotional distress, lost job opportunities, and legal expenses.

40. Ameritech engaged in these actions and conduct knowingly, intentionally, and with reckless disregard for Luckie's civil rights under the pertinent statute.

**WHEREFORE**, Plaintiff COLETTE M. LUCKIE respectfully requests that this Court grant her a trial by jury and the following relief:

(1) Enter an Order finding that defendant unlawfully retaliated against plaintiff for opposing unlawful racial discrimination;

(2) Enter a preliminary and permanent injunction prohibiting defendant from engaging in unlawful racial harassment and retaliation;

(3) Enter an Order requiring defendant to reinstate Luckie's employment to a position commensurate to that which she had before her unlawful discharge;

(4) Enter judgment in Luckie's favor and against defendant for compensatory damages in a sum no less than Two Hundred and Fifty Thousand Dollars ($250,000);

(5) Enter judgment in Luckie's favor and against defendant for punitive damages in a sum no less than Fifty Thousand Dollars ($50,000) for defendant's intentional, willful and wanton acts against Luckie, and reckless disregard for her civil rights based upon her race and in retaliation for opposing unlawful race discrimination;

(6) Enter judgment for Luckie and against defendant for reasonable attorneys' fees and costs incurred in bringing this action opposing unlawful racial harassment and retaliation; and

(7) Such further relief that this Court deems just and proper.

Respectfully submitted,
COLETTE M. LUCKIE

By: _____*Crystal L. Roberts*_____
One of Her Attorneys

Lester L. Barclay
Crystal L. Roberts
**BARCLAY & DIXON, P.C.**
39 S. LaSalle, #900
Chicago, IL 60603
(312) 553-0123 (telephone)
(312) 553-0127 (facsimile)

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
COLETTE M. LUCKIE

## DEFENDANTS
AMERITECH CORPORATION, INC.

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Osceola County
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Cook
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
BARCLAY & DIXON, P.C.
39 S. LaSalle Street, #900
Chicago, IL 60603
312-553-0123

ATTORNEYS (IF KNOWN)

JUDGE MANNING    MAGISTRATE JUDGE KEYS

01C 8619

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth In Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | HABEAS CORPUS: | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☒ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

28 U.S.C. §§1331 and 1343, Title VII of the Civil Rights Act of 1964. Plaintiff alleges discharge resulted from unlawful racial harassment and retaliation for opposing unlawful discrimination.

## VII. REQUESTED IN COMPLAINT
CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23
DEMAND $ 300,000
CHECK YES only if demanded in complaint
JURY DEMAND: ☒ YES ☐ NO

## VIII. This case
☒ is not a refiling of a previously dismissed action.
☐ is a refiling of case number_____, previously dismissed by Judge_____

DATE 11-8-01
SIGNATURE OF ATTORNEY OF RECORD
Crystal L. Roberts

UNITED STATES DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

In the Matter of COLETTE M. LUCKIE,

　　　　　　　　　　　　　Plaintiff,

vs.

AMERITECH CORPORATION, INC.

　　　　　　　　　　　　　Defendant.

**DOCKETED**
**NOV 0 9 2001**

Case Number: **01C 8619**

JUDGE MANNING

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

　　　　　　　　COLETTE M. LUCKIE

MAGISTRATE JUDGE KEYS

| (A) | | (B) | |
|---|---|---|---|
| SIGNATURE *Crystal L. Roberts* | | SIGNATURE *Lester L. Barclay* | |
| NAME Crystal L. Roberts | | NAME Lester L. Barclay | |
| FIRM BARCLAY & DIXON, P.C. | | FIRM BARCLAY & DIXON, P.C. | |
| STREET ADDRESS 39 S. LaSalle St., #900 | | STREET ADDRESS 39 S. LaSalle St., #900 | |
| CITY/STATE/ZIP Chicago, IL 60603 | | CITY/STATE/ZIP Chicago, IL 60603 | |
| TELEPHONE NUMBER 312-553-0123 | FAX NUMBER 312-553-0127 | TELEPHONE NUMBER 312-553-0123 | FAX NUMBER 312-553-0127 |
| E-MAIL ADDRESS croberts@barclaydixon.com | | E-MAIL ADDRESS lbarclay@barclaydixon.com | |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 6204006 | | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 06189468 | |
| MEMBER OF TRIAL BAR? YES ☐ NO ☒ | | MEMBER OF TRIAL BAR? YES ☒ NO ☐ | |
| TRIAL ATTORNEY? YES ☐ NO ☒ | | TRIAL ATTORNEY? YES ☒ NO ☐ | |
| | | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☒ | |
| (C) | | (D) | |
| SIGNATURE *Rafael Taylor* | | SIGNATURE | |
| NAME Rafael L. Taylor | | NAME | |
| FIRM BARCLAY & DIXON, P.C. | | FIRM | |
| STREET ADDRESS 39 S. LaSalle St., #900 | | STREET ADDRESS | |
| CITY/STATE/ZIP Chicago, IL 60603 | | CITY/STATE/ZIP | |
| TELEPHONE NUMBER 312-553-0123 | FAX NUMBER 312-553-0127 | TELEPHONE NUMBER | FAX NUMBER |
| E-MAIL ADDRESS rtaylor@barclaydixon.com | | E-MAIL ADDRESS | |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 6257668 | | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | |
| MEMBER OF TRIAL BAR? YES ☐ NO ☒ | | MEMBER OF TRIAL BAR? YES ☐ NO ☐ | |
| TRIAL ATTORNEY? YES ☐ NO ☒ | | TRIAL ATTORNEY? YES ☐ NO ☐ | |
| DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☒ | | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ | |

FILED-EDS NOV -8 2001 PM 4:29 CLERK U.S. DISTRICT COURT